# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

CORBIN J. HOWARD,

      Plaintiff,                         :       Case No. 3:11-cv-116

                                             District Judge Walter Herbert Rice
    -vs-                                        Magistrate Judge Michael R. Merz

                                             :

WELLS FARGO HOME MORTGAGE,
f/k/a/ Norwest Mortgage, et al.,

      Defendants.

## REPORT AND RECOMMENDATIONS

This case is before the Court on Motions to Dismiss of Wells Fargo Bank, N.A. (Doc. No. 15), Dorothy Rettig (Doc. No. 16), and Karrollanne Cayce and McCalla Raymar LLC (Doc. No. 23). Plaintiff has responded to all three Motions (Doc. Nos. 22, 26), and Wells Fargo has filed a Reply in support of its Motion (Doc. No. 25). All of these Motions are classified as dispositive by 28 U.S.C. § 636 and thus require a report and recommended disposition from a magistrate judge to whom they have been referred.[1]

**Wells Fargo's Motion**

Wells Fargo's Motion is brought under Fed. R. Civ. P. 12(b)(6). It asserts that this Court should abstain from exercising jurisdiction over Plaintiff's claims because they are compulsory

---

[1] This is one of a large number of magistrate judge referrals transferred in connection with the appointment of The Honorable Michael J. Newman as a United States Magistrate Judge at Dayton.

1

counterclaims which should be or should have been pled in the foreclosure action pending in the Preble County Common Pleas Court against Plaintiff and his spouse and seeking to foreclose the mortgage which is part of the subject matter of this case. Alternatively, Wells Fargo asserts that (1) Plaintiff's claims of improper Proofs of Claim filed in Plaintiff's Chapter 13 bankruptcies are preempted by the bankruptcy code; (2) Wells Fargo is not liable under the Fair Debt Collection Practices Act ("FDCPA") because it is not a debt collector within the meaning of that Act; and (3) Plaintiff's claims are barred, in whole or in part, by applicable statutes of limitations.

Plaintiff's Response (Doc. No. 22) consists of a three-page cover letter with seventy-four pages of attachments detailing many of the transactions between Wells Fargo and Plaintiff. The only legal argument made is

> The US Federal Court should retain jurisdiction over this matter because Wells Fargo and/o Norwest Mortgage are spread out over several states. For the past almost 14 years, [they] have willingly ignored any ruling brought forth by the United States Federal Bankruptcy Court. If it arises, I can and will provide documentation that I had incompetent counsel for both bankruptcy cases.

(Response, Doc. No. 22, PageID 164.)

Because Plaintiff is proceeding *in forma pauperis*, Magistrate Judge Ovington, to whom the case was initially referred, found that process should issue and the case was not subject to *sua sponte* dismissal in that "Plaintiff's factual assertions are rational rather than fantastic or delusional" (Decision and Order, Doc. No. 3, PageID 39). She found that this Court could properly exercise diversity of citizenship jurisdiction in that Defendants were all citizens of States other than Ohio and the amount in controversy exceeds $75,000. *Id.* at PageID 40. She further found that this Court had federal question subject matter jurisdiction over Plaintiff's FDCPA claim. *Id.* Judge Ovington's Order represents the law of the case, but it does not speak to the matters raised in Wells Fargo's Motion. Indeed, she recognized that "Plaintiff may face significant potential defenses." *Id.*

The documentation submitted by Plaintiff as attachments to his Response includes at least

2

some of the papers from Wells Fargo Bank, NA v. Corbin Howard, et al., Case No. 10CV28560, a foreclosure action in the Common Pleas Court of Preble County (the "Foreclosure Action"). That case was filed October 12, 2010 (Preble County Case Docket, PageID 223). On October 26, 2010, Mr. Howard filed a letter answer in which he asserted that "[t]he Common Pleas Court in Preble County should not have jurisdiction over this case due to the fact of previous bankruptcies and numerous addresses in various states claimed by Wells Fargo." (Response, Doc. No. 22, PageID 224). There are numerous additional pieces of correspondence with that court, reciting repeatedly many of the facts relied on in this case, including Plaintiff's divorce from Melinda Howard and many claims about payments made on the mortgage over the years. On March 1, 2011, Plaintiff filed with the Preble County common Pleas Court his refusal to attend the scheduling conference in that case on March 7, 2011, because his ex-wife was still listed as a defendant and because

> On February 24, 2011, I filed a complaint with the United States Southern District Court, Western Division at Dayton, Ohio. This is against Wells Fargo Home Mortgage, a.k.a. Norwest Home Mortgage, Julia Steelman and William Costello.

(Doc. No. 22 at PageID 238.)

The records of this Court show that on March 8, 2011 (rather than in February), Plaintiff and his present wife Emily Howard filed a complaint in this Court naming all the Defendants named in this case (Wells Fargo Home Mortgage, Dorothy Rettig, McCalla Raymer, Teresa Stephens, and Karrollanne Cayce) as well as Jeffrey Albert, Lerner Sampson & Rothfuss, Francis DiCesare, Julia Steelman, Jeniece Jones, Joel Jensen, John Jergens, and William Costello. The undersigned recommended the case be dismissed for lack of diversity of citizenship subject matter jurisdiction, Plaintiffs made no objections, and Judge Rice entered judgment dismissing the case. (*See* docket in Case No. 3:11-cv-066).[2] Instead Plaintiff filed this new case a week later, naming only some of the

---

[2] Previously, on September 14, 2009, Plaintiff filed a complaint in this Court against Norwest Mortgage, Assistant Steve (LNU), Jennifer (LNU), Wells Fargo, and Dorothy Rettig

Defendants previously sued. As noted by Judge Ovington, Plaintiff has cured in his Complaint here the lack of diversity in the prior case.

However, this Court should not exercise jurisdiction in this case because the Preble County Common Pleas Court acquired jurisdiction over this controversy before the Complaint was filed here. There is no doubt that the Foreclosure Action was filed well before this case and that Plaintiff's claims of payments, of improper pleading respecting his ex-wife, and of discharge in bankruptcy are proper defenses and/or counterclaims in the Foreclosure Action.

The Foreclosure Action is a proceeding *in rem* relating to the real estate at 5458 U.S. Route 35 West in Eaton, Ohio. *Johnson v. Home State Bank*, 501 U.S. 78 (1991); *Crandall v. Irwin*, 139 Ohio St. 253 (1942). As Wells Fargo argues, it has long been the rule that in actions involving real property, the court which first acquires jurisdiction "is entitled to exclusive jurisdiction over the matter." Erwin Chemerinsky, Federal Jurisdiction 5th § 14.2 (2007), *citing Donovan v. City of Dallas*, 377 U.S. 408, 412 (1964), and *Princess Lida v. Thompson*, 305 U.S. 456, 465-468 (1939).

The reasons given by Plaintiff for this Court's retaining jurisdiction are not persuasive. The fact that a company does business nationally does not preclude it from bringing suit in the state courts of the various States where it does business. Because it appears there is diversity of citizenship in the Foreclosure Action, Wells Fargo could have brought it originally in this Court. Because of the diversity, Plaintiff could have removed the Foreclosure Action to this Court had he been able to obtain agreement of the other Defendants and had he acted promptly enough. But he did not and now should be required to litigate his claims against Wells Fargo in the Foreclosure Action.

Instead of abstaining on Plaintiff's claims regarding improper Proof of Claims in the

---

(Case No. 3:09-cv-355). Plaintiff failed to make any attempt at service of process and the case was dismissed for want of prosecution in December, 2009.

Bankruptcy Court, this Court should dismiss those claims as preempted by the bankruptcy code. Wells Fargo made this argument in its Motion, relying on *Kline v. Mortgage Electronic Security Systems*, 2010 U.S. Dist. LEXIS 102905 (S.D. Ohio, Sept. 28, 2010)(Rice, J.).  *Kline* is controlling authority on this point and Plaintiff's state law claims relating to Bankruptcy Court filings should be dismissed with prejudice as preempted by the Bankruptcy Code.

Wells Fargo's request for abstention should be granted, with the exception of deciding the preemption question.  In the interest of judicial economy, this Court should not decide the statute of limitations questions or the FDCPA interpretation question raised by Wells Fargo.  The state court has jurisdiction to decide those questions if they are presented by Plaintiff in the Foreclosure Action.

### Dorothy Rettig

Defendant Dorothy Rettig, an employee of Wells Fargo sued for her actions in that capacity, moves to dismiss the case against her under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction and under Fed. R. Civ. P. 12(b)(6) as barred by the statute of limitations.  In his Response (Doc. No. 22), Plaintiff offers no explicit opposition to these arguments.  Instead, he merely claims that in February, 2000, Ms. Rettig attempted to process a claim for loan modification relating to the property in suit and that the request for modification was denied because he and Norwest Mortgage could not come to an agreement.[3]  Ms. Rettig, along with others, is said to have "ignored the legal protection provided under Melinda J. Lawson's (Howard) Chapter 13 Case #97-32187." *Id.* at PageID 163.

Whether or not this Court could exercise personal jurisdiction over Ms. Rettig for her within-

---

[3] The documents attached to the Response show that in February, 2000, Norwest had a prior foreclosure action pending against Plaintiff.

5

employment acts outside the State of Ohio is a complex question which would require analysis of Ohio Revised Code § 2307.382 and the underlying facts. The Court need not undertake that analysis because any claim arguably made against Ms. Rettig is barred by the applicable statute of limitations. Ms. Rettig is not alleged to have done anything impacting the Plaintiff for more than ten years before the Complaint was filed. Thus any fraud claim is barred by the four-year statute of limitations in Ohio Revised Code § 2305.09(C) and any FDCPA claim is barred by the one-year statute of limitations in 15 U.S.C. § 1692k(d). As noted by Ms. Rettig, the Complaint does not purport to state a breach of contract claim against her because it does not allege she entered into any contract with Plaintiff.

Accordingly, all claims against Dorothy Rettig should be dismissed with prejudice.

### Karrollanne Cayce and McCalla Raymer LLC

Defendants Karrollanne Cayce and McCalla Raymer LLC jointly move for dismissal for lack of personal jurisdiction over them and because the claims are both preempted by the Bankruptcy Code and barred by the statute of limitations (Motion to Dismiss, Doc. No. 23).

These Defendants note that, in her § 1915 Order, Judge Ovington analyzed the Complaint as possibly asserting claims of fraud, breach of contract, and violation of the FDCPA. As to the bankruptcy preemption argument, they also rely on *Kline, supra*, and note that Judge Rice's decision was an adoption in relevant part of Judge Ovington's recommendation on the preemption question. In the same opinion, Judge Rice adopted Judge Ovington's recommendation that FDCPA claims related to proof of claims in bankruptcy were also preempted. Finally, these Defendants argue that the Complaint does not state a claim of breach of contract against them because it does not allege they ever entered into a contract with Plaintiff.

In his Response (Doc. No. 26), Plaintiff confirms that his claims against McCalla Raymer and Karrollanne Cayce arise out of actions they took in filing proofs of claim in the Bankruptcy Court and thus inferentially supports their dismissal as preempted by the Bankruptcy Code.

### Theresa Stephens

Theresa Stephens is named as a Defendant in this case (Complaint, Doc. No. 2). On Judge Ovington's Order, the Clerk issued process directed to Ms. Stephens (Doc. No. 5). The return receipt card purportedly showing service of process on her shows that it was addressed to Wells Fargo Home Mortgage Bankruptcy Department (Attn. McCalla Raymer) in Roswell, Georgia. (Doc. No. 11 at PageID 60). That is the address to which the Marshal sent process at Plaintiff's direction. *Id.* PageID 61.

No response to the Complaint has been filed by Ms. Stephens. However, it is unclear whether service of process on her is improper. Service on an individual under Fed. R. Civ. P. 4 can be made personally or residentially or by following state law. Ohio R. Civ. P. 4 permits certified mail service "[e]videnced by return receipt signed by any person." While the return receipt is signed by someone, the name is not that of Theresa Stephens, then receipt does not show to whom the summons was delivered (as required by Ohio R. Civ. P. 4(B)(1)) and the summons was not addressed to "Theresa Stephens," but rather to Wells Fargo.

Whether or not Plaintiff has obtained good service on Ms. Stephens, his claims against her are the same claims he makes against McCalla Rymer and Ms. Cayce: improper filings in the Bankruptcy Court. Because those claims are preempted, they should be dismissed with prejudice.

### Conclusion

7

Based on the foregoing analysis, all claims herein except those made against Wells Fargo should be dismissed with prejudice. The Court should abstain from exercising jurisdiction over the claims against Wells Fargo in deference to the pending Foreclosure Action in the Preble County Common Pleas Court. Rather than dismiss the claims on which the Court abstains, it should stay these proceedings pending the outcome of the Foreclosure Action. Erwin Chemerinsky, Federal Jurisdiction 5th (2007) § 14.4, *citing Lumen Constr. v. Brant Constr. Co.*, 780 F.2d 691, 797-698 (7th Cir. 1986). The parties should be ordered to keep this Court currently advised of the status of the Foreclosure Action..

August 6, 2011.

s/ **Michael R. Merz**
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure

may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).